IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THE ESTATE OF JAMES L. DECKER                                             PLAINTIFF

V.                                                       CIVIL ACTION NO. 1:16-CV-242-SA-RP

NATIONAL CASUALTY COMPANY,
DAVID HUFFMAN,
AUTO-OWNERS INSURANCE, and
DOUBLE D TRANSPORTATION, INC.                                             DEFENDANTS

ORDER

The Estate of James L. Decker originally filed its Complaint [2] in the Circuit Court of Tishomingo County, Mississippi against National Casualty Company, Horner Insurance Services,[1] David Huffman, Double D Transportation, and Auto-Owners Insurance. National Casualty removed the action to this Court premising federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. The parties in this case are not diverse. The Plaintiff is a citizen of Tennessee, and Defendants Huffman and Double D are also citizens of Tennessee. Defendant National Casualty is a citizen of Wisconsin and Arizona, and Defendant Auto-Owners is a citizen of Michigan.

National Casualty now argues that Defendants Huffman and Double D were fraudulently joined and filed a Motion to Sever [21] requesting that the Court sever and remand the claims against Huffman and Double D, perfecting federal diversity jurisdiction over the Plaintiffs' claims against National Casualty and Auto-Owners. The Plaintiff opposes severance and request remand of the entire case [32].

The Plaintiff's claims in this case arise from an automobile accident in which James Decker was killed. At the time of the accident, Decker was employed by Double D

---

[1] The Parties dismissed Horner Insurance Services, Inc. by Stipulation [20] on January 26, 2017.

Transportation and was driving a tractor-trailer owned by Huffman. Double D was insured under a policy by National Casualty, and Decker was insured under a policy by Auto-Owners.

Although the Plaintiff's claims against each Defendant are styled as claims for "negligence," in substance the Plaintiff seeks to recover insurance proceeds from National Casualty, or in the alternative from Auto-Owners. The Plaintiff's claim against Decker's employer, Double D, also involves the recovery of insurance proceeds as well as unspecified "employment benefits." The Plaintiff's final claim against the truck owner, Huffman, involves recovery of "benefits from Mr. Decker's employment at Double D" as well as damages "for potential malfunction of the vehicle."

*Severance and Jurisdiction*

Removal statutes are to be construed against removal and for remand. *Shackelford v. Wooten*, No. 3:16-CV-158-M-A, 2016 WL 5795986, at *2 (N.D. Miss. Oct. 4, 2016) (citing *Eastus v. Blue Bell Creameries L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). Any doubts regarding whether removal is proper should be resolved against federal jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

For this Court to have subject matter jurisdiction of this matter based on § 1332, complete diversity must exist among the parties. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). As the party invoking diversity jurisdiction, National Casualty bears the burden of proving it. *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). "For this court to accept jurisdiction despite the misjoinder of a non-diverse defendant, the misjoinder must be egregious or grossly improper." *Cooper v. AIG Claim Servs.*, No. 1:08–CV–168-SA, 2009 WL 279101 at *2 (N.D. Miss. Feb. 5, 2009).

In a case removed to federal court, questions of fraudulent misjoinder are determined by the state's joinder rules. *Cooper*, 2009 WL 279101, at *2 (citing *Palmero v. Letourneau Tech., Inc.*, 542 F. Supp. 2d 499, 516 (S.D. Miss. 2008) "To determine if a party has been fraudulently misjoined, the court applies Rule 20 of the Mississippi Rules of Civil Procedure." *Tri–Miss. Servs., Inc. v. Fairley*, No. 2:12–CV–152-KS, 2012 WL 5611058 (S.D. Miss. Nov. 15, 2012) (citing *Palermo*, 542 F. Supp. 2d at 517).

In order for the joinder of the defendants to be proper in this case, the claims against them must 1) share common questions of law or fact; and 2) arise out of the same transaction, occurrence, or series of transactions or occurrences. MISS. R. CIV. P. 20(a); *Cooper*, 2009 WL 279101, at *3 (citing *Mercer v. Moody,* 918 So. 2d 664, 666 (Miss. 2005).

The Mississippi Supreme Court has held that before an alleged transaction or occurrence will be sufficient to meet Rule 20(a)'s two factors, there must be a "distinct litigable event linking the parties." *Hegwood v. Williamson*, 949 So. 2d 728, 730 (Miss. 2007). To determine whether a distinct litigable event exists, the court should consider "whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant." *Id*.

Looking at the pleadings in this case, including the notice of removal, it appears that the Plaintiff is asserting a claim against Double D and National Casualty jointly, severally, or in the alternative. In essence, the Plaintiff is seeking compensation and insurance proceeds from his employer and from his employer's insurance company. Notably the Plaintiff is not alleging that Double D had any involvement in the accident itself, which distinguishes this case from the situation in *Hegwood*, where the Mississippi Supreme Court held that third party tort claims and first party breach of contract and bad faith claims involve distinct litigable events with different

factual issues and legal issues. *Id.* at 731. In other words, according to the Plaintiff, its claims against Double D are for insurance proceeds or other compensation derived from either its coverage by National Casualty or a potential lack thereof. These claims are exactly the type of joint, several, or alternative claims contemplated by Rule 20, do not involve distinct litigable events, and they likely share common issues of both fact and law.

For these reasons, the Court finds that "there is a reasonable probability that the state court would find [Double D's] joinder proper," and thus Double D was not fraudulently joined. *Palermo*, 542 F. Supp. 2d at 524. Because the Court finds that Double D was not fraudulently joined, complete diversity does not exist. Finally, because the lack of diversity between Double D and National Casualty alone destroys diversity jurisdiction, the Court need not analyze the joinder of Huffman.

*Conclusion*

If subject matter jurisdiction is lacking, this Court must remand. 28 U.S.C. § 1447(c). For all the reasons outlined above, the Court finds that there is not complete diversity between the parties in this case. National Casualty's Motion to Sever [22] is DENIED and this case is REMANDED to the Circuit Court of Tishomingo County, Mississippi. The Clerk of this Court is directed to forward a certified copy of this Order to the Clerk of the Circuit Court of Tishomingo County and to close this case.

SO ORDERED on this the 20th day of July, 2017

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE